# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-00128-WS |
| | ) | |
| SEBASTIAN SANCHEZ DUBOSE, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion for leave to file his appeal out of time, filed December 21, 2006. (Doc. 147). On the same date, the defendant filed a notice of appeal. (Doc. 146).

On October 19, 2006, the defendant appeared for sentencing. Counsel notified the Court of the defendant's intention to appeal, requested leave to withdraw from representation, and asked the Court to appoint substitute counsel to perfect and pursue the appeal. The Court orally granted counsel's motion to withdraw and stated that "[w]e'll make arrangements to have an attorney represent him on appeal." Judgment was entered on October 27, 2006. (Doc. 137). On December 20, 2006, when the Court realized that counsel had not been appointed, the Court promptly did so. (Doc. 144).

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after ... the entry of either the judgment or the order being appealed ...." Fed. R. App. P. 4(b)(1)(A)(i). Because the time allowed by this rule is less than 11 days, it excludes intervening weekends and holidays. *Id*. 26(a)(2); *United States v. Brown*, 192 Fed. Appx. 942 (11th Cir. 2006). Thus, the deadline for filing a timely notice of appeal

was November 13, 2006.[1]  The notice of appeal was filed well beyond this deadline.[2]

"Upon a finding of excusable neglect or good cause, the district court may — before or after the time has expired, with or without motion and notice — extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).  The maximum 30-day extension allowed by Rule 4(b)(4) expired on December 13, prior to the defendant's filings of December 21.  The Court has no authority to extend the time to file a notice of appeal other than as prescribed by Rule 4.  Fed. R. App. P. 26(b)(1); *Moss v. Secretary, Department of Corrections*, 177 Fed. Appx. 911, 913-14 (11th Cir. 2006).  Therefore, the defendant's motion for leave to appeal out of time must be **denied**.

The defendant is not thereby left without possible means of perfecting a timely appeal.  The failure of counsel to file a notice of appeal despite a defendant's request that she do so represents constitutional error that can be corrected on a motion to vacate, with the relief granted being vacation of the initial sentence and its re-imposition, so as to re-start the ten-day clock of Rule 4(b)(1).  *E.g., United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000).  The lack of counsel during the time for filing a notice of appeal likely constitutes constitutional error correctable by similar means, but the defendant has filed no motion to vacate.

Moreover,"[t]he unique circumstances doctrine excuses a litigant's failure to abide by the jurisdictional time limitations established by the rules ... when the failure is caused

---

[1] The fourteenth day after October 27 was Veterans Day, a Friday.  Thus, the deadline was extended by Rule 26(a) to the following Monday.

[2] "An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4."  Fed. R. App. P. 3(a).  Thus, "[a]n oral statement of an intent to appeal given in open court is not sufficient to satisfy the requirements of a signed, written notice of appeal."  *United States v. Scott*, 264 F.3d 1141 (5th Cir. 2001) (citing *Durel v. United States*, 299 F.2d 583, 584 (5th Cir. 1961)).  Counsel's oral statement at sentencing of the defendant's intention to appeal is therefore ineffective to perfect his appeal.

by the litigant's reasonable reliance on a specific assurance by a judicial officer." *Jackson v. Crosby*, 375 F.3d 1291, 1297 (11th Cir. 2004). "Any judicial action prior to the expiration of the relevant time period for appeal that could have lulled [the appellant] into inactivity may permit our application of the doctrine." *Hollins v. Department of Corrections*, 191 F.3d 1324, 1327 (11th Cir. 1999) (internal quotes omitted). The doctrine apparently is potentially applicable in criminal cases. *See United States v. Wright*, 131 Fed. Appx. 698, 699-700 (11th Cir. 2005) (finding the defendant failed to satisfy the unique circumstances doctrine). This case would appear to be an apt one for application of the unique circumstances doctrine,[3] but that is a decision only the Eleventh Circuit can make.

The defendant is **ordered** to file and serve, on or before **January 26, 2007**, either a motion to vacate, a statement that he will proceed to the Eleventh Circuit and there argue application of the unique circumstances doctrine, or such other motion and/or document as he deems appropriate for ensuring appellate jurisdiction.

DONE and ORDERED this 5th day of January, 2007.

                                                      s/ WILLIAM H. STEELE
                                                   UNITED STATES DISTRICT JUDGE

---

[3] The defendant's letter of December 26, 2006, (Doc. 149, Attachment 1), reflects his reliance on the Court's statements at sentencing.