# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SEBASTIAN SANCHEZ DUBOSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 07-0193-WS |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 05-0128-WS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. (Docs. 165-67). The respondent has filed a response, (Doc. 170), and the motion is ripe for resolution. After carefully considering these and other relevant materials in the file, the Court concludes that the motion to vacate is due to be granted.

As set forth in a previous order in the criminal case, at sentencing counsel for the petitioner notified the Court of his intent to appeal. Counsel requested leave to withdraw and asked the Court to appoint substitute counsel to perfect and pursue the appeal. The Court orally granted counsel's motion to withdraw and stated that "[w]e'll make arrangements to have an attorney represent him on appeal." (Doc. 137). The Court, however, did not do so until approximately two months later, when it realized its omission. (Doc. 144). By then it was too late for the petitioner to perfect an appeal under Rule 4(b). (Doc. 150).

"[T]he failure to file an appeal that the defendant wanted filed denies the defendant his constitutional right to counsel at a critical stage." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005) (explaining *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). "In such cases, prejudice is presumed ...." *Id*. As this is true when the defendant had a lawyer during the appeal period, it is necessarily also true when the defendant, through no fault of his own, had no lawyer during the brief period available for filing a notice of

appeal.  The record is also clear that, but for the absence of counsel during this critical period, the petitioner would have filed a notice of appeal.  Accordingly, the petitioner's constitutional right to counsel for purposes of direct appeal was violated, and the petitioner is entitled to relief through the vehicle of a motion to vacate.

For the reasons set forth above, the petitioner's motion to vacate is **granted**.  In compliance with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the criminal judgment imposed on October 19, 2006 and entered on October 27, 2006, (Doc. 30), is **vacated**.  Judgment shall be re-entered by separate order in the criminal case for the sole purpose of allowing the petitioner to pursue his otherwise untimely appeal.[1]  The petitioner is advised that he must file any notice of appeal from the re-entered judgment within the ten-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(I).  The petitioner is also advised that he has the right to appeal and that, if he cannot afford a lawyer, one will be appointed for him.  Pursuant to 18 U.S.C. § 3006A, Robert A. Ratliff is appointed as counsel for the petitioner for purposes of pursuing the petitioner's direct appeal.[2]

DONE and ORDERED this 27th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] No re-sentencing hearing is required, *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005), and none will be held.

[2] The petitioner's "successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings." *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002).